IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ADRIAN LEVETTE COOPER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-747-GPM |
| ) | |
| **J. L. NORWOOD,** ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, currently an inmate in the Federal Correctional Institution in Pekin, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He originally filed the action in the United States District Court for the Central District of California, while he was incarcerated in that district. Because the petition presents challenges to Petitioner's sentence stemming from his conviction in this District, that Court construed the action as one filed pursuant to 28 U.S.C. § 2255 and transferred the action to this District (*see* Doc. 5).

Pending in this action, first, is a letter that the Clerk construed as a motion to amend the petition (Doc. 9). However, Petitioner does not ask for leave to amend his petition; he merely asks for advice on how to do so. Accordingly, as a motion, this pleading is **MOOT**.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the

authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief and the petition must be dismissed.

This Court agrees with the transferring court. This action was filed to challenge Petitioner's sentence of life imprisonment for serious drug charges, which was imposed in this District by the late Honorable William L. Beatty. *United States v. Cooper*, Case No. 93-cr-30030 (S.D. Ill., filed March 17, 1993), *aff'd,* 39 F.3d 167 (7th Cir. 1994). Petitioner then filed a § 2255 motion challenging various aspects of his conviction and sentence; that motion was denied as untimely. *Cooper v. United States*, Case No. 97-cv-1041-WLB (S.D. Ill., filed Dec. 29, 1997), *aff'd*, 199 F.3d 898 (7th Cir. 1999), *cert. denied*, 30 U.S. 1283 (2000).

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner attempts to challenge the validity of prior state court convictions that were a factor in enhancing his sentence. These are issues that could and should have been raised either in his direct appeal or, at the latest, in his first § 2255 motion.

Therefore, the Court finds that § 2255 is not "an inadequate or ineffective remedy," and this § 2241 petition qualifies as an attempt to circumvent the procedural limitations governing motions under § 2255. Accordingly, Section 2241 cannot provide Cooper with the desired relief, and this action is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 09/27/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge